| | | |
|---|---|---|
| MARKEY ANTWAN WHITE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM & ORDER |
| | ) | |
| U.S. MARSHALS SERVICE, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's pro se Petition for Writ of Habeas Corpus (Doc. No. 1) and Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2).

## I.    BACKGROUND

Petitioner is a federal pretrial detainee, in Case No. 3:21-cr-272-MEO-DCK-1 ("CR"). A review of the criminal docket, of which the Court takes judicial notice, reflects that the Petitioner was indicted on November 16, 2021 for possession of a firearm by a convicted felon, possession of a firearm in furtherance of a drug trafficking offense, and possession with intent to distribute marijuana. (CR Doc. No. 3). The Petitioner could not be located, so the case was administratively closed in March 2025, subject to re-opening upon Petitioner's apprehension or appearance. (CR Doc. No. 33). Petitioner was arrested in New York on February 4, 2026. (CR, Feb. 4, 2026 Docket Entry). On February 20, 2026, Petitioner was appointed counsel in New York. *See* (CR, Feb. 20, 2026 Minute Entry).

Petitioner was brought to this District, where he was again appointed counsel. *See* (CR Feb. 23, 2026 Docket Entry). On February 24, 2026, counsel was allowed to withdraw because Petitioner did not wish for the representation to continue, and a new attorney was appointed for Petitioner. (CR Feb. 25, 2026 Oral Order). Petitioner was arraigned on March 3, 2026 with the assistance of Roderick Wright, Jr. (CR March 3, 2026 Minute Entry).

On March 18, 2026, a *pro se* Motion for Inquiry of Counsel was docketed, in which Petitioner expressed his dissatisfaction with Mr. Wright. (CR Doc. No. 53). Petitioner also began filing *pro se* Motions in which he seeks, *inter alia*, a speedy trial (CR Doc. No. 55) and to dismiss the Indictment (CR Doc. Nos. 58, 60, 64).

Petitioner filed the instant Petition seeking relief pursuant to 28 U.S.C. § 2241 on May 29, 2026. (Doc. No. 1); *Houston v. Lack*, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule). He raises the following claims *verbatim*:

> (1) Petitioner received ineffective assistance in pretrial motions and proceedings. Deprived of informed detail of pretrial information such as arguments, evidence, rules, objections, government proffer, Indictment, true bill of indictment, witnesses and facts. Whereas the government presented perjured testimony by way of a 'Letter to Judge Henry (The Honorable)' conveyed to the Court by way of a government proffer.
>
> (2) Petitioner has requested a speedy trial and been denied the ability to exercise his Sixth Amendment rights. Assertion of Petitioner's right to a speedy trial has not been invoked to the request of the Petitioner.
>
> (3) Petitioner has been deprived of making informed choices in continuances. Continuances have occurred without Petitioner knowledge.
>
> (4) Violation of Sixth and Fourth Amendment Speedy Trial Clause and Warrant Clause. Petitioner's counsel refuses to acknowledge the relevance of fact Petitioner's constitutional wrights have been violated

by uncommonly long pre-arrest delays as well as unlawful seizure and warrantless searches. Petitioner's counsel is constantly attempting to assoint Petitioner to wrong doing's not supported by facts only from arbitrary hearsay and capricious perjury.

*Id.* (errors uncorrected). He seeks "a detention hearing without perjured testimony …, proof of his December 15, 2019 unlawful carry of a firearm …, or and release from pretrial detention and <u>Barker [v. Wingo</u>, 407 U.S. 514 (1972)] inquiry into undue delay, defend himself." *Id.* at 7 (errors uncorrected).

A hearing came before a magistrate judge in the criminal case on the Motion for Inquiry of Counsel on June 12, 2026. The Petitioner explained that he was dissatisfied with all three attorneys who had been appointed to represent him in New York and in this Court. He explained that he wishes for Mr. Wright's representation to be terminated, that he was not seeking the appointment of a replacement attorney, and that he wishes to conduct all further proceedings without counsel. Mr. Wright noted that the Petitioner's *pro se* Motions were unauthorized because they were filed while Petitioner was represented by counsel, however, counsel asked that the Motions be permitted to proceed should Petitioner's request to represent himself be granted.

After conducting an inquiry pursuant to *Faretta v. California*, 422 U.S. 806 (1975), the magistrate judge concluded the Petitioner was knowingly, intelligently, and voluntarily requesting to represent himself. Petitioner indicated that he was agreeable to the appointment of standby counsel. Mr. Wright was permitted to withdraw, Petitioner's request to represent himself was granted, and the magistrate judge ordered the appointment of standby counsel. Numerous *pro se* Motions remain pending in the criminal case. *See, e.g.*, (CR Doc. No. 55, 58, 59, 60, 63, 64, 65).

3

## II.    APPLICATION TO PROCEED IN FORMA PAUPERIS

Petitioner's Application shows he has had no income for the past 12 months and no access to cash or other assets. (Doc. No. 2 at 1–2). Although Petitioner filed a short form rather than the long form IFP Application the Court usually requires, Petitioner recently qualified for the appointment of counsel in the associated criminal case. The Court is satisfied that Petitioner does not have sufficient funds to pay the filing fee and will grant Petitioner's Application to proceed in forma pauperis.

## III.    STANDARD OF REVIEW

Under 28 U.S.C. § 2241, federal district courts are granted authority to consider an application for a writ of habeas corpus filed by a petitioner claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pretrial petitions for writ of habeas corpus are properly brought under § 2241 because it "applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)).

Rule 4 of the Rules Governing Section 2254 Proceedings provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein. *See* Rule 1(a), (b), 28 U.S.C. foll. § 2254 (a district court may apply the rules for § 2254 proceedings to habeas petitions other than those filed under § 2254). Pro se pleadings are construed liberally. *See generally Haines v. Kerner*, 404 U.S. 519 (1972) (a pro se complaint, however

4

inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers). After examining the record in this matter, the Court finds that the § 2241 Petition can be resolved without an evidentiary hearing based on the record and the governing case law. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). Nor is any response from the Government required.

## IV.  DISCUSSION

As a preliminary matter, the Petitioner's requests that appointed counsel be discharged from the criminal case, and that Petitioner be permitted to represent himself in the criminal case, are moot. The requested relief was granted in the criminal case at the June 12, 2026 hearing.

The remaining claims are premature. "It is well settled that in the absence of exceptional circumstances the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391 (1918) (citations omitted); *see Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 489-90 (1973) (requiring the existence of "special circumstances" before granting federal habeas relief to a pretrial state detainee). Habeas relief should be withheld "where an adequate remedy available in the criminal proceeding has not been exhausted." *Stack v. Boyle*, 342 U.S. at 1, 7 (1951) (citations omitted).

The Petitioner has asserted claims for pretrial relief including a speedy trial, the dismissal of the pending criminal charges, and his immediate release. He contends that counsel was failing to handle pretrial matters in the criminal case accordance with Petitioner's wishes. Counsel has now been removed from the

criminal case and any arguable barrier to Petitioner's presentation of those matters in the criminal case has been removed. Those matters are appropriately addressed in the pending criminal case in the first instance. *See, e.g., In re Williams*, 306 F.App'x 818 (4th Cir. 2009) (dismissing § 2241 petition alleging illegal arrest, unlawful detention, denial of access to the courts, denial of a speedy trial, and seeking immediate release; petitioner is not entitled to the relief sought and he "may assert his claims in pretrial proceedings in his pending criminal case"). The instant § 2241 Petition will, therefore, be dismissed without prejudice as premature. *Id.*

## V.    CONCLUSION

### ORDER

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2) is **GRANTED**;

2. The Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE** as premature; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

The Clerk is respectfully instructed to close this case.

> **SO ORDERED.**       Signed: June 17, 2026

Matthew E. Orso
United States District Judge

6